**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | Nos.: 91000534DI, |
| | ) | 9702013762, and |
| v. | ) | 9907017204 |
| | ) | |
| **WILLIAM J. WEBB,** | ) | |
| | ) | |
| Defendant. | ) | |

*SUBMITTED: September 5, 2023*
*DECIDED: October 18, 2023*

**ORDER**

*Upon Consideration of Defendant's*
*Motion for Reconsideration of Postconviction Relief*

**SUMMARILY DISMISSED.**

This 18th day of October, upon consideration of the Motion for Reconsideration of Postconviction Relief by Defendant William J. Webb, it appears to the Court that:

1. On May 1, 1997, Webb pled guilty to Burglary Second Degree.[1]

2. On March 30, 2016, Webb filed a Rule 61 Motion for Postconviction Relief as it relates to the May 1, 1997 conviction.[2]

---

[1] *See* Motion for Postconviction Relief for Case No. 9702013762, A14 (Dec. 7, 2007) (In his guilty plea hearing, Webb stated no one had threatened him in any way or promised him anything to get him to plead guilty).
[2] *See State v. Webb*, Case no. 9702013762, 4 of 4 (2016) (Webb was sentenced on May 1, 1997); *See* Motion for Reconsideration of Postconviction Motions as Filed in 2016 (Sept. 5, 2023).

3. On March 16, 2000, Webb pled guilty to three (3) charges: (1) Burglary First Degree; (2) Assault First Degree; and (3) Endangering the Welfare of a Child.[3]

4. On April 18, 2016, Webb filed two (2) Motions for Postconviction Relief regarding the June 23, 2000 conviction.[4]

5. On May 10, 2016, Webb's March 2016 Motion was denied.[5] The Court deemed the case moot because the Court lacked jurisdiction.[6] Webb motioned for Reargument, which was denied on May 24, 2016 because Webb failed to cite any fact or legal principle misapprehended by the Court.[7]

6. On July 14, 2016, the Court denied Webb's April 2016 Motions because the convictions had expired, and Defendant was not "a person in custody under a sentence of this Court."[8]

7. In June 2019 and July 2020, a grand jury indicted and reindicted Webb on multiple criminal charges, including stalking, harassment, and breach of

---

[3] *See State v. William J. Webb*, Case No. 9907017204.

[4] *See State v. Webb*, Case no. 9907017204, 4 of 4 (2016) (Webb was sentenced on June 23, 2000); *See* Motion for Reconsideration of Postconviction Motions as Filed in 2016 (Sept. 5, 2023) (Webb claims that he entered the plea unconstitutionally; "involuntary, unintelligently, and unknowingly").

[5] *See* Superior Court of Delaware Order on the Motion for Postconviction Relief, Case No. 9702013762 (May 10, 2016).

[6] *See* Superior Court of Delaware Order Denying Motion for Reargument, Case No. 9702013762 (May 24, 2016) (Rule 61 provides relief only to a defendant "in custody under a sentence of this court." Webb had already completed his sentence for the challenged convictions, making the case moot).

[7] *Id*. (Webb argued that the Court should reconsider the May 10th decision because the conviction Webb challenged was being used to enhance his sentence in another action, but the Court denied this Motion, finding that Reargument, procedurally, is improper as it seeks to invoke a rule of another court).

[8] *See* Superior Court of Delaware Order on Defendant's Motions for Postconviction Relief, Case Nos. 91000534DI and 9907017204 (July 14, 2016) (The Court treated Defendant's dual motions as a single motion because they cover the same convictions).

release.[9] Webb was convicted, and due to this conviction, the State filed, and the Superior Court granted, Webb's Habitual Offender status.[10]

8. Now, Webb seeks reconsideration of postconviction relief to relitigate the 2016 cases to escape consequences associated with the State's categorization of him as a Habitual Offender.[11] He makes the claim that there were constitutional defects in his proceedings, and the Motions never reached the merits.[12] Before the Court today, Webb argues the 2016 Motions should be heard on the merits.[13]

9. Superior Court Criminal Rule 61 governs the procedure on an application by a person seeking to set aside a judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction, or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence.[14] A defendant who has been discharged from probation has no standing to seek relief under Rule 61.[15] Therefore, Webb's arguments, as they stand, do not create a basis for overcoming summary

---

[9] *See* The Supreme Court of Delaware Order for Case Nos. 1902010515, 1906000296, 1904001943 (Feb. 13, 2023).
[10] *See* Motion for Reconsideration of Postconviction Motions as Filed in 2016 (Sept. 5, 2023) (On October 18, 2022, the State filed a motion to declare Defendant a Habitual Offender; the Superior Court granted the State's Motion on December 13, 2022).
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] Super. Ct. Crim. R. 61(a)(1).
[15] *Coleman v. State,* 123 A.3d 473, at *1 (Aug. 27, 2015).

dismissal under Rule 61(a).[16] Accordingly, Defendant's Motion for Postconviction Relief must be **SUMMARILY DISMISSED**.

For the foregoing reasons, Defendant William J. Webb's motion for reconsideration of postconviction relief is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

*Original to Prothonotary*

cc:    Victoria R. Witherell, Deputy Attorney General
       William J. Webb Jr., *Pro Se*, S.B.I. # 00256056

---

[16] *See* Motion for Postconviction Relief for Case No. 9702013762 (April 18, 2016).